UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLGA CORTEZ, et al.,

    Plaintiffs,

v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 16-cv-06256-TEH

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

This matter comes before the Court on separate motions to dismiss the first amended complaint brought by Defendants City of Oakland and Roland Holmgren and by Defendant Joe Turner. The Court finds these motions suitable for resolution without oral argument, *see* Civil L.R. 7-1(b), and now GRANTS IN PART and DENIES IN PART the motions for the reasons discussed below.

**BACKGROUND**

This case arises from an incident at the home of Plaintiffs Olga and Nemesio Cortez and their minor children on December 7, 2015. The Court detailed the allegations from Plaintiffs' original complaint in its order granting Defendants' motions to dismiss, ECF No. 33 at 1-3, and will not repeat them here. The primary change between the complaint and the First Amended Complaint ("FAC") is that Plaintiffs now allege that they know that Defendant Turner was the person who allegedly "appeared to point a gun . . .from underneath his shirt" as he ran up Plaintiffs' driveway and subsequently fled the scene. FAC ¶¶ 20, 24. The FAC also includes allegations concerning a July 26, 2016 interview of Plaintiffs by Oakland Police detective John Haney. FAC ¶¶ 35-36, 43. In addition, Plaintiffs no longer name Bryan Budgin or Trevor Stratton as defendants, but they have added a cause of action for violation of 42 U.S.C. § 1983 against Defendant Turner based

on alleged violations of Plaintiffs' Fourth Amendment "right to be free from unreasonable searches and seizures." FAC ¶¶ 50-53.

The City and Holmgren again move to dismiss all claims asserted against them, ECF No. 38, as has Turner in a separately filed motion, ECF No. 40.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, courts must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal of claims that do not meet this standard should be with leave to amend unless "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

**DISCUSSION**

**I. Conceded Arguments**

Plaintiffs failed to respond to two arguments in Defendants' motions: Turner's motion to dismiss the assault claim, and Holmgren's motion to dismiss all claims based on

2

immunity. They have therefore conceded those issues. *E.g.*, *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013). Accordingly, the motions to dismiss the assault claim against Turner and all claims against Holmgren are GRANTED with prejudice.

## II. Fourth Amendment Claim Against Turner

New to the FAC is a cause of action against Defendant Turner for violation of 42 U.S.C. § 1983. Plaintiffs contend that Turner violated their Fourth Amendment "right to be free from unreasonable searches and seizures," FAC ¶ 52, and, in particular, the right "to be free from excessive and/or unreasonable use of force against them," FAC ¶ 50. This claim is based on the allegation that, "[a]s Defendant Turner was passing Mrs. Cortez, he appeared to point a gun at Mrs. Cortez and K.C. from underneath his shirt, causing Mrs. Cortez and the Cortez children to fear for their lives. Then, Defendant Turner ran away from the house and up the street, as documented by a neighbor's surveillance camera." FAC ¶ 20.

"To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (footnote omitted). A defendant's actions are under state law if the defendant "acted pursuant to any government or police goal" or "purported to or pretended to act under color of law, even if his goals were private and outside the scope of his authority." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996).

The Court agrees with Turner that Plaintiffs have failed to allege that he was acting under color of law when he allegedly appeared to point a gun at Plaintiffs.[1] Plaintiffs admit that they did not know Turner was an officer at the time of this alleged act. Opp'n to

---

[1] Turner does not argue, and this Court does not consider, whether the allegations would be sufficient to allege a Fourth Amendment violation if the actions were taken under color of state law.

3

Turner Mot. to Dismiss at 10 (ECF No. 41). Nor are there any allegations that Turner was acting pursuant to an official police goal or purporting to act under color of law at that time. Plaintiffs argue that this is of no import because Turner must have later revealed himself to be a police officer before being allowed to flee the scene, and, therefore, "his actions were taken under the color of law when he abused his position as a police officer to evade capture for his crimes." FAC ¶ 53. Even if this were true, however,[2] this does not mean that Turner's prior actions were taken under color of state law. "Just because [the defendant] is a police officer does not mean that everything he does is state action." *Gritchen*, 254 F.3d at 812. To the contrary, each alleged act must be considered separately. In *Gritchen*, for example, the Ninth Circuit found that the defendant officer was "[u]nquestionably . . . acting under color of state law when he stopped and ticketed" the plaintiff, but this did not make the officer's subsequent threat of a defamation lawsuit an action under color of state law. *Id.* at 812-14. Here, there are no allegations sufficient to establish that Turner's alleged "appear[ing] to point a gun . . . from underneath his shirt," FAC ¶ 20, was under color of state law. Turner's motion to dismiss the § 1983 cause of action against him is therefore GRANTED.

Plaintiffs request leave to amend, and the Court cannot say that it would be impossible for Plaintiffs to cure this deficiency by amendment. Accordingly, dismissal is without prejudice. However, Plaintiffs are advised that it would be insufficient to allege simply that Turner was using his department-issued gun at the time of the alleged incident. *Van Ort*, 92 F.3d at 839 (citing with approval *Barna v. City of Perth Amboy*, 42 F.3d 809 (3d Cir.1994) (finding no action under color of state law where the defendant officer was alleged to have "used his service revolver and police-issued nightstick" to attack someone)).

---

[2] Plaintiffs' allegation that "Turner leaned into the police car and identified himself as an Oakland Police Officer, in order to flee the crime scene under false pretenses," FAC ¶ 24, is speculative. The same paragraph of the FAC alleges that, "*[t]his is the only logical explanation as to why a responding police officer would permit a plain-clothed fleeing man to leave the scene of a home invasion robbery*." *Id.* (italics in original).

4

Plaintiffs are also reminded of their obligations under Federal Rule of Civil Procedure 11, which the Court feels compelled to mention given that the particular allegation at issue appears to be a moving target. In the original complaint, Plaintiffs alleged that a man believed to be Turner or another officer, who is no longer named as a defendant, "*made a gesture simulating a gun* pointed at her from underneath his shirt." Compl. ¶ 23 (ECF No. 1) (emphasis added). The FAC escalated the allegation somewhat by alleging that Turner "*appeared to point a gun* at Mrs. Cortez and K.C. from underneath his shirt." FAC ¶ 20 (emphasis added). Plaintiffs' opposition briefs further escalate the alleged act by referring to an actual weapon. *E.g.*, Opp'n to City Mot. to Dismiss at 11 (ECF No. 42) (referring to "gesturing at the family *with a gun* underneath his shirt" (emphasis added)); ECF No. 41 at 17 (referring to "armed threats"). Any amended complaint shall include only those factual allegations that, "to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

### III. *Monell* **Claim**

The Court next considers Defendant City of Oakland's motion to dismiss Plaintiffs' claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The City argues that Plaintiffs have failed to allege any underlying constitutional violations, without which there can be no municipal liability.[3] *See, e.g.*, *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Here, the

---

[3] The City also makes a conclusory argument that the FAC's allegations are insufficient to state a plausible claim for relief. The Court does not consider this argument because the City fails to argue that any particular elements of Plaintiffs' *Monell* claim are insufficiently pleaded.

5

municipal defendants cannot be held liable because no constitutional violation occurred."). Plaintiffs contend that they have alleged three different underlying constitutional violations: a Fourth Amendment claim based on Defendant Turner's alleged actions; a First Amendment claim for denial of access to the courts;[4] and a Fourteenth Amendment substantive due process claim based on Defendants' alleged actions during their interrogations of Plaintiffs. The Court considers each claim in turn.

First, the Court has already dismissed the Fourth Amendment claim asserted against Defendant Turner, so those allegations cannot form the basis for a *Monell* claim.

Second, as to the access to courts claim, Plaintiffs contend that Defendants' alleged actions have caused Plaintiffs' " inability to bring forth criminal charges and handicapp[ed] their civil remedies." ECF No. 42 at 12. The first of these allegations cannot form the basis for a constitutional violation because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Town of Castle Rock. v. Gonzales*, 545 U.S. 748, 768 (2005) (due process protections are not triggered by "the benefit that a third party may receive from having someone else arrested for a crime"). Plaintiffs rely heavily on the Supreme Court's statement in *Harbury* "'that conspiracies to destroy or cover-up evidence of a crime that render a plaintiff's judicial remedies inadequate or ineffective violate the right of access,'" 536 U.S. at 410-11 (citation omitted), but nothing in that case indicates any private right to bring criminal charges. In addition, as Plaintiffs do not explain, the cited language is a quote from the district court's decision and appears in the Supreme Court's statement of procedural history, rather than as a conclusion of law by the Court. That underlying district court decision cites to five cases from the Courts of Appeal, all of which concern civil proceedings and, in particular, wrongful death actions in

---

[4] Although Plaintiffs characterize this as a First Amendment violation, the Supreme Court has explained that the basis for this right is "unsettled": "Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (citations omitted).

6

state court.[5] These authorities do not establish any constitutional right to bring criminal charges. *See also Adnan v. Santa Clara Cty. Dep't of Corr.*, No. C 02-3451 CW (PR), 2002 WL 32069635, at *3 (N.D. Cal. Sept. 17, 2002) (dismissing claim that a defendant officer "'denied [the plaintiff] the right' to press criminal charges" against other officers whom the plaintiff contended used excessive force). Plaintiffs therefore cannot state any claim based on an alleged inability to bring a criminal action.

As to Plaintiffs' allegations that their ability to bring a civil case has been hindered, any such claims are premature and might be mooted if Plaintiffs ultimately succeed in this action. The Ninth Circuit has recognized that allegations that defendants "falsified facts and destroyed evidence and documents, which resulted in obstruction of justice . . . may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988). However, where, as here, "the ultimate resolution of the present suit remains in doubt," the "cover-up claim is not ripe for judicial consideration" and should be dismissed without prejudice. *Id.*; *see also Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (instructing district court to dismiss without prejudice plaintiffs' § 1983 access to courts claim because their wrongful death action remained pending in state court). Thus, Plaintiffs' *Monell* claim also cannot rest on claims that Defendants' actions prevented access to civil proceedings.

Plaintiffs' final asserted underlying constitutional violation is a substantive due process claim under the Fourteenth Amendment. The City acknowledges that "claims for coercive interrogation can be brought under the Fourteenth Amendment as substantive due

---

[5] *Harbury v. Deutch*, No. 96-00438 CKK, 1999 WL 33456919, at *8 (D.D.C. Mar. 23, 1999), *aff'd in part, rev'd in part and remanded*, 233 F.3d 596 (D.C. Cir. 2000), *as amended* (Dec. 12, 2000), *rev'd sub nom. Christopher v. Harbury*, 536 U.S. 403 (2002), *and vacated*, No. 99-5307, 2002 WL 1905342 (D.C. Cir. Aug. 19, 2002), *and aff'd*, 44 F. App'x 522 (D.C. Cir. 2002) (citing *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998); *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262-64 (6th Cir. 1997); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429-31 (5th Cir. 1994); *Williams v. City of Boston*, 784 F.2d 430 (1st Cir. 1986) (dicta); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984)).

process claims" but argues that Plaintiffs' allegations fail to meet the requisite standard. ECF No. 38 at 6-7. This Court disagrees. The standard for showing such a violation is admittedly "quite demanding," and "a Fourteenth Amendment claim of this type is cognizable only if the alleged abuse of power 'shocks the conscience' and 'violates the decencies of civilized conduct.'" *Stoot v. City of Everett*, 582 F.3d 910, 928 (9th Cir. 2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Thus, for example, in *Stoot*, the Ninth Circuit affirmed the grant of summary judgment where the plaintiffs alleged that defendants used "improper promises and threats" in questioning a "developmentally delayed young boy [who] could not fully and accurately comprehend if these promises were reasonable, or make an accurate assessment of the potential outcomes in the same manner as an adult." *Id.* at 928-29 (internal quotation marks omitted). The court concluded that plaintiffs failed to allege that defendant "'intended to injure [the plaintiff] in some way unjustifiable by any government interest.'" *Id.* at 929 (quoting *Lewis*, 523 U.S. at 849).

Here, however, Plaintiffs allege that Defendants attempted to coerce them into giving false testimony – an act for which there is no government interest. And, while there are no allegations of physical abuse, "*psychological* coercion is sufficient to state a claim under the Fourteenth Amendment." *Id.* In addition, Plaintiffs imply some physical intimidation by alleging that "multiple male officers were trying to coerce the diminutive frightened woman to change her statement." FAC ¶ 28. Viewing the allegations in a light most favorable to Plaintiffs, the Court finds that they are sufficient. Allegations of repeated coercion by multiple officers to change Plaintiffs' initial statements, FAC ¶¶ 25, 28, go beyond the "allegations of persistent questioning, punctuated, when [the plaintiff] invoked his rights, by unspecified 'verbal interruption[s],' 'audible gasp[s],' and an 'audible sigh', and one assurance of being off the record" that another court in this district found to be insufficient. *Wagda v. Town of Danville*, No. 16-CV-00488-MMC, 2016 WL 6160160, at \*7 (N.D. Cal. Oct. 24, 2016) (citation omitted). It may well be that Plaintiffs will ultimately be unable to show that Defendants' actions rose to the level of coercion

8

required to shock the conscience, but the Court is unwilling to find, at the motion to dismiss stage, that the allegations fail to state a Fourteenth Amendment violation. Accordingly, the City's motion to dismiss the *Monell* claim for failure to allege an underlying constitutional violation is DENIED.

## IV. 42 U.S.C. § 1985 Conspiracy Claim

The Court previously dismissed Plaintiffs' § 1985 claim for failure to "allege facts to support the allegation that defendants conspired together." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). The Court further ordered that, "[i]f Plaintiffs choose to amend this claim, they shall make clear which clause or clauses of § 1985 they allege Defendants violated." ECF No. 33 at 5.

In violation of the Court's order, the FAC does not specify the clause or clauses of § 1985 under which Plaintiffs bring their claim. However, in opposition to Turner's motion to dismiss, Plaintiffs state that they bring their claim "under 42 U.S.C. 1985 Section (1) and (2)," and further explain that they "claim no discriminatory purpose motivating Defendants' actions." ECF No. 41 at 15-16.

Section 1985(1) concerns interference with the performance of duties by federal officers, and there are no such allegations in this case. Section 1985(2) contains two clauses, the first of which concerns federal courts and the second of which concerns state courts. "[C]lass-based animus is an essential part of a cause of action under the second clause of § 1985(2)." *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc). Because Plaintiffs do not claim any discriminatory animus, the only possible basis for their § 1985 claim is the first clause of § 1985(2). *See Kush v. Rutledge*, 460 U.S. 719, 720 (1983) (no discriminatory animus required under the first clause of § 1985(2)).

This clause prohibits conspiracies:
> to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand

9

or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror.

42 U.S.C. § 1985(2). Plaintiffs' theory is that they were injured by being prevented from filing a lawsuit. However, as discussed above, Plaintiffs have no right to bring criminal charges, and any claim based on an alleged violation of Plaintiffs' right to access civil proceedings is premature because Plaintiffs have, in fact, filed this federal lawsuit that remains pending. Accordingly, Defendants' motions to dismiss Plaintiffs' § 1985 claim is GRANTED. The claim is dismissed without prejudice to the extent it is based on the first clause of § 1985(2) and on access to federal civil courts, and dismissed with prejudice in all other respects.[6]

## V. Remaining State Law Claims Against Defendant Turner

Finally, the Court addresses the three remaining state law claims against Defendant Turner: negligence, violation of the Bane Act, and intentional inflection of emotional distress. Turner's motion to dismiss the negligence claim is GRANTED because Plaintiffs fail to allege breach of any duty. *E.g.*, *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979) ("Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member."). Dismissal is without prejudice because it is not clear that this deficiency could not be cured by amendment.

Next, a plaintiff must make two showings to prevail on a Bane Act claim under California Civil Code section 52.1: "(1) Defendants interfered with Plaintiffs' constitutional or statutory rights; and (2) that interference was accompanied by actual or

---

[6] One court in this district has held that "the plaintiff must allege that there were some federal proceedings pending when the purported interference occurred," and a § 1985(2) claim where the plaintiff "allege[s] that Defendants' conspiracy sought to prevent him from bringing a federal suit in the first instance" must therefore be dismissed. *Mancini v. City of Cloverdale Police Dep't*, No. 15-CV-02804-JSC, 2015 WL 4934503, at *3 (N.D. Cal. Aug. 18, 2015). This issue was not briefed by the parties, and the Court does not now decide it.

10

attempted threats, intimidation, or coercion. Only if Plaintiffs can first establish that Defendants violated a constitutional or statutory right can the Court consider whether such interference was the product of threats, intimidation, or coercion." *Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1211 (N.D. Cal. 2014) (citations omitted). The Court has already dismissed without prejudice Plaintiffs' Fourth Amendment claim against Turner, as well as any claims based on alleged denial of access to courts. Plaintiffs do not allege any other constitutional or statutory violations by Turner, and Turner's motion to dismiss the Bane Act claim is therefore GRANTED without prejudice.

Finally, Turner argues that his alleged actions do not constitute the "extreme and outrageous conduct" required to state a claim for intentional infliction of emotional distress. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (citations and internal quotation marks omitted). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations and internal quotation marks omitted). The parties cite no case law considering whether any specific conduct meets this standard, and, in the absence of any authority, the Court declines to find that appearing to point a gun under a shirt cannot rise to the level of extreme and outrageous conduct as a matter of law. Consequently, Turner's motion to dismiss the intentional infliction of emotional distress claim is DENIED.

## CONCLUSION

In accord with the above discussion, the motion to dismiss by Defendants City of Oakland and Holmgren and the motion to dismiss by Defendant Turner are both GRANTED IN PART and DENIED IN PART. The motions are denied as to the *Monell* cause of action against Defendant City of Oakland, as based on an alleged underlying substantive due process violation, and to the intentional infliction of emotional distress cause of action against Defendant Turner. All causes of action against Defendant Holmgren and the assault cause of action against Defendant Turner are dismissed with prejudice. Claims related to alleged violations of access to court to file criminal charges

11

are also dismissed with prejudice.  Claims based on an alleged violation of access to civil court are dismissed without prejudice to re-filing if Plaintiffs are ultimately unsuccessful in this lawsuit.  The Fourth Amendment and negligence causes of action against Defendant Turner, as well as the Bane Act claim against Defendant Turner to the extent it relies on an alleged Fourth Amendment violation, are dismissed with leave to amend.  Any amended complaint as to these causes of action against Turner must be filed on or before **May 12, 2017**, or the claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:   05/02/17                                            _____
THELTON E. HENDERSON
United States District Judge